No. 83-99

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

LARRY NARUM,

   Plaintiff and Appellant,

   -vs-

CITY OF BILLINGS; BARRY BERLINGER,
and RICHARD WAGNER,

   Defendants, Respondents & Cross-appellants.

---

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Patten & Renz; James A. Patten & John K. Addy,
      Billings, Montana

   For Respondents & Cross-Appellants:

      Peterson, Schofield & Leckie; Dane C. Schofield,
      Billings, Montana
      Crowley Law Firm; Randall Bishop, Billings,
      Montana
      Stephens & Cole; Robert L. Stephens, Billings,
      Montana

---

                     Submitted on Briefs:   October 6, 1983

                                Decided:   December 22, 1983

Filed:   DEC 22 1983

*Ethel M. Harrison*
_____
                  Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Larry Narum filed a complaint June 9, 1981 in the Thirteenth Judicial District Court, County of Yellowstone, naming as defendants the City of Billings, Barry Beringer and Richard Wagner. The complaint requested judgment against the defendants for twice the alleged value of paint equipment Narum lost due to defendants' actions, or $5,600 plus costs. Following a bench trial, it was found that: (1) Narum lost paint equipment valued at $1,843.70 due to the negligence of the City of Billings; (2) Beringer was unjustly enriched in the amount of $800 when he sold Narum's equipment to Wagner for that sum; and (3) Wagner was a bona fide purchaser for value without notice and entitled to retain the paint equipment. Judgment was entered November 19, 1982, limiting Narum's recovery to the actual value of the lost equipment. Beringer was ordered to pay Narum the $800 by which he was unjustly enriched and the City was ordered to pay Narum the remaining $1,043.70.

A motion was subsequently filed by Narum requesting the trial court to reconsider its judgment insofar as it failed to award Narum double damages pursuant to section 70-5-209, MCA (1981). In addition, defendant Beringer filed a motion and supporting memorandum requesting the trial court to amend that portion of its judgment finding Beringer to have been unjustly enriched and ordering him to pay Narum $800. A hearing was held December 30, 1982, following which an order denying both motions was issued.

A notice of appeal from both the judgment and the order was filed by Narum on January 26, 1983. Beringer and the City of Billings have filed cross appeals, Beringer requesting reconsideration of its motion to amend and the City requesting reconsideration of the judgment against it.

Larry Narum was hired in 1979 to paint a warming house at Terry Park in Billings, Montana. One of Narum's employees completed the paint job on Friday, November 2, 1979. He then, per instructions from Narum, left the spray painting equipment by the curb near the warming house to be picked up by Narum later that evening.

Barry Beringer noticed the equipment on his way to dinner that evening. When the equipment was still there on his return, Beringer decided to call the police. Beringer testified at trial that he presumed the equipment belonged to the City of Billings since it had obviously been used to paint a public building in a city park and that, as a concerned taxpayer, he notified the police of the equipment in order to prevent its theft. Beringer remained with the equipment until the police arrived, then told the investigating officer that if no one claimed the property, he would be interested in having it. The investigating officer told Beringer to check with the department in thirty days and if no one had claimed the property, it would be his.

The investigating officer's report of the incident contained the following information:

> 1. Complainant reports he found several items near the warming house in Terry Park.
>
> 2. Complainant also reports that someone had been painting the warming house and that the items probably belong to that person.
>
> 3. The found items consist of: (1) a small prop air compressor; (2) an eight foot ladder; (3) three gallons of paint; (4) five gallon mixing cans; (5) one five gallon can containing an unknown chemical; (6) an extension cord; and (7) a paint scraper.

Beringer checked with the police department after the thirty days had passed and was told by property Officer Stanley Frank that he would have to wait another sixty days before he could claim the property. Beringer testified at trial that Officer Frank told him:

"'Technically, we have to hold it for a year and then advertise it, and then we will give it to you.' But he said, 'we don't have the budget and we don't have the place to store it, so we just wait 90 days. And then after 90 days, that allows people to go on vacation, extended vacation, and stuff.' And that's what he told me." Tr. p. 20.

At the end of the ninety days, Beringer once again contacted Officer Frank and was told he could claim the property. Beringer and Officer Frank testified in detail concerning their conversation when Beringer picked up the property.

BERINGER:

"Q. Was there any time that anyone conveyed to you that the idea that there had been any report filed that this had been lost or was missing or had been stolen?

"A. No.

"Q. Did you have any idea that such a report had been filed?

"A. No.

"Q. Would it be fair to say that as far as you could tell from the information given to you by the police report that the property was abandoned?

"A. Yeah.

"Q. Did you ask whether you could sell the property?

"A. I asked if it was mine, and I was told that it was.

"Q. Prior to the time that property was delivered to you by the City, on February 1st, 1980, did you think you had any rights whatsoever to that property?

"A. Before February?

"Q. Before it was delivered to you, did you consider it yours in any way?

"A. No.

"Q. Whose do you think it was?

"A. The City's. (Tr. pp. 21, 22)

OFFICER FRANK:

"Q. Did you tell Mr. Beringer when he came to pick up the property that no claims had been filed on it?

4

"A. I told him that I didn't receive one.

"Q. So you indicated to him that it was unclaimed?

"A. When I gave it to him.

"Q. It would have been wrong to give it to him if you had knowledge that someone else owned it?

"A. (Nods head affirmatively.) (Tr. p. 46)

A witness to most of the conversation, David Webber, confirmed Beringer's testimony.

Relying on Officer Frank's comments, Beringer sold the paint eqiupment to Richard Wagner for $800. Evidence showed the value of the equipment to be $1843.70.

Meanwhile, Narum had telephoned the Billings Police Department on November 6, 1979 to report the theft of his property. A written report was to have been filed by an employee while Narum was on vacation. The employee failed to do so. Therefore, Narum's wife filed a written report with the police on December 21, 1979, more than thirty but less than ninety days after Beringer reported the property to the police.

The property officer searched the department's computer twice during the initial thirty day period for a written report concerning the theft of the paint equipment. Despite retaining the property an additional sixty days, no other search of the stolen property reports was ever made. Thus, the property officer was unaware that the equipment had been reported as stolen when he released it to Beringer.

At trial, Assistant Police Chief Sampson testified that it is the duty of the investigating officer to follow-up on stolen property reports (tr. p. 50) and the duty of the property officer to check the computer for any reported thefts of property meeting the description of that in his possession (tr. p. 61). Neither officer fulfilled his responsibilities regarding this property.

5

Upon learning that the paint equipment he had purchased from Beringer was equipment previously reported stolen by Narum, Richard Wagner contacted Beringer and a meeting between a representative of the police department, Beringer, Narum and Wagner followed. However, the participants were unable to reach a mutually satisfying solution and this action was commenced.

The issues presented by Narum in this appeal of the District Court's decision are:

1. Whether the District Court erred in finding that the City of Billings had been negligent, rather than grossly negligent, in its handling of Narum's property?

2. Whether the District Court erred in holding that the City of Billings and Barry Beringer were separately liable rather than jointly and severally liable to Larry Narum for the loss of his property.

3. Whether the District Court erred in failing to hold the finder (City of Billings) liable to Larry Narum for double the value of lost property, pursuant to section 70-5-209, MCA (1981).

The issues raised on cross appeal are:

1. Whether the District Court erred in entering judgment against defendant Beringer on the basis of unjust enrichment?

2. Whether the District Court erred in holding that the City of Billings is liable to Larry Narum, or to any other party?

The District Court erred in finding the Billings Police Department to be the finder of the lost paint equipment, pursuant to sections 70-5-101, et seq., MCA (1981). It is difficult to ascertain the intent of the 1895 legislature when it promulgated that chapter. However, it is highly unlikely that the legislative intent was for the chapter to

6

apply to municipal police departments. Rather, we interpret that chapter to apply to the private citizen who finds property and chooses to take charge of the property in order to find its rightful owner. Section 70-5-102, MCA (1981).

Barry Beringer became the statutory finder of the paint equipment by discovering the property and exerting control over it. If control was not exercised in reporting to the police it was exercised when Beringer ultimately obtained the subject equipment and sold it. Although Beringer may well have acted in good faith he became obligated to follow the statutory procedures for locating the true owner of the property. Since Beringer failed to follow those procedures and chose instead to treat the property as his own by selling it to an innocent third party, he became liable to the true owner of the property for its value. In addition, section 70-5-209, MCA (1981), penalizes finders for failing to follow the statutorily mandated procedures by holding them liable to the true owner for double the value of the lost property. Therefore, since the value of the paint equipment was $1,843.70, Barry Beringer is liable to Larry Narum for $3,687.40.

However, the evidence presented at trial supports the conclusions of the District Court that (1) "The City of Billings knew the true owner of the property as a result of information provided to the City by Narum on December 21st, 1979, and therefore had a duty to use reasonable diligence" to return the property to the owner; (2) the City of Billings negligently dealt with the property while it was in its possession, and "such negligence was the proximate cause of the damages sustained by Plaintiff Narum"; and (3) Beringer justifiably relied on representations made to him by the City of Billings indicating that the property was his. These conclusions support a finding for Beringer on his cross-claim

7

against the City of Billings, which asserts that the City's negligence was the primary cause of Narum's loss.

Since the District Court held the City of Billings to be the "finder" and thus liable to Narum, Beringer's cross-claim was not considered. We therefore remand this case to the District Court for judgment in Narum's favor for $3,687.40 against Beringer and in Beringer's favor on his cross-claim against the City of Billings. In its judgment, the District Court shall find the City's liability to Beringer to be $2,887.40. That amount represents the total damages suffered by Beringer due to the City's negligence ($3,687.40), less the $800 which Beringer received when he sold the equipment.

Remanded for entry of judgment in accordance with this opinion.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

8

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 83-99

LARRY NARUM,
     Plaintiff, Appellant
     and Cross Respondent,

          vs.

CITY OF BILLINGS, BARRY
BERINGER and RICHARD WAGNER
     Defendants, Respondents,
     and Cross Appellants.

FILED

JAN 26 1984

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

The Court has considered the petition for rehearing filed by Defendant, Barry Beringer, pursuant to Rule 34 M.R.App.Civ.P. and finds that the original opinion should be modified by striking from the concluding paragraph the following language:

"We therefore remand this case to the District Court for judgment in Narum's favor for $3,687.40 against Beringer and in Beringer's favor on his cross-claim against the City of Billings. In its judgment, the District Court shall find the City's liability to Beringer to be $2,887.40. That amount represents the total damages suffered by Beringer due to the City's negligence ($3,687.40), less the $800 which Beringer received when he sold the equipment."

We substitute therefore the following language:

"We therefore remand this case to the District Court for a determination of damages in favor of Beringer on his cross-claim against the City of Billings. The District Court may consider any damages legally caused by the negligence of the City of Billings including attorneys fees and costs."

With this modification the petition for rehearing is denied.

Justices